■ SIMON GOLDNER, Appellant, v. LENDOR STRUCTURES, INC., et al., Defendants, and INDEPENDENT SHOVEL & CRANE, INC., Respondent.— In an action to recover damages for injury to property, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated October 17, 1967, as in effect denied his motion, pursuant to CPLR 3126, to impose certain penalties upon the defendant Independent Shovel & Crane, Inc., by reason of its failure on three separate occasions to appear for pretrial examination pursuant to notice therefor. The motion was denied on condition that defendant appear for such examination on another date. Order reversed insofar as appealed from, with costs and disbursements to plaintiff, and motion granted, with $20 costs, to the extent only that, pursuant to CPLR 3126 (subd. 1), the issues, to which the information sought in plaintiff's notice of examination dated January 25, 1967 is relevant, are deemed resolved for purposes of the action as against said defendant in accordance with plaintiff's claims, unless: (1) not later than 10 days from the date of entry of this order, said defendant pays to plaintiff $52.50, representing his disbursements necessarily incurred for stenographers' fees; (2) said defendant pays the costs and disbursements awarded on this appeal and the costs on the motion, as herein awarded, not later than 10 days after the same are taxed; and (3) said defendant appears for examination before trial pursuant to plaintiff's 10-day notice therefor in form and content similar to plaintiff's notice dated January 25, 1967, as the same appears in the record on appeal, or as otherwise stipulated, if the parties so agree. At bar, defendant failed to appear pursuant to a notice of examination on each of three occasions, despite promises to appear, and engaged in a course of conduct which pre-

cipitated, *inter alia*, plaintiff incurring the expense of a stenographer's appearance fee on each such occasion. In our opinion, defendant's conduct reflected a pattern of behavior which was contumacious and tantamount to willful default, well within the purview of CPLR 3126 and its design, *inter alia*, to provide some effective means of enforcing a party's right to disclosure and to authorize the imposition, in the court's discretion, of adequate sanctions and penalties as safeguards against recurrences, should the court be inclined, as we are, to afford the recalcitrant party an opportunity to comply and thereby have its day in court. It is our view that under the facts and circumstances at bar, the order of Special Term, by conditionally denying the motion, did not adequately serve such function, and that the conditional granting of the motion, as herein provided and as herein limited, is a more effective exercise of discretion vested in the court by statute. We are also of the opinion that a party, aggrieved by reason of his adversary's willful failure to appear for an examination before trial pursuant to a notice, need not obtain an order under CPLR 3124 as a necessary prerequisite to a motion for the relief afforded under CPLR 3126. We subscribe to the liberal construction of CPLR 3126 advocated by the Appellate Division, First Department (*Coffey* v. *Ohrbachs, Inc.*, 22 A D 2d 317), to the effect that the sanctions which may be imposed under said section apply to notices of examination as well as to orders therefor. We consider this more in keeping with the design of the CPLR to provide for a liberal effective disclosure procedure which would be more conducive to an expeditious and efficient disposition of the work in the courts. (See, also, *Burbell* v. *Burman*, 44 Misc 2d 749; *Mostow* v. *Shorr*, 44 Misc 2d 733; *Fleming* v. *Fleming*, 50 Misc 2d 323.) Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.