■ In the Matter of MAXWELL S. COLON, Appellant, v DEPARTMENT OF PERSONNEL et al., Respondents.—Judgment, Supreme Court, New York County, entered September 17, 1976, which granted respondents' motion to dismiss the petition, reversed, on the law, and vacated the motion to dismiss the petition for insufficiency denied, and the matter is remanded to Special Term for further proceedings, with leave to respondents to serve and file an answer, without costs and without disbursements. In June, 1973, respondents conducted a regular competitive civil service examination for the position of Captain (Men), Department of Correction. As only 52 of 1,567 applicants achieved the passing grade of 70%, respondents added 6% to each candidate's grade, raising thereby the number of successful candidates to 301. Because active military duty precluded petitioner from taking this examination, he took a special examination in December, 1974 in which he achieved a grade of 66.7% and was adjudged failed. Petitioner requested an additional 6% be added to his grade to comport with the treatment afforded to candidates on the regular examination. Respondents refused, claiming the 6% was added to each grade in the regular examination to achieve an appropriate level of difficulty but the special examination did not require additional points to achieve that purpose. Petitioner brought this article 78 proceeding. The court below, before answer was served, granted respondents' motion to dismiss the petition, finding respondents did not act in an

arbitrary and capricious manner. We disagree. General Examination Regulation E.15.4, promulgated by respondents, provides that: "Whenever under the law or the rules a second or special competitive test is required to be given in connection with any examination held it shall be comparable and equivalent to the original test in scope, format, and difficulty. Such second or special test may be given in conjunction with a subsequent regular examination and if it is ascertained that the tests in such examination are not of comparable and equivalent difficulty to the original test, the raw scores in such special test shall be adjusted so that the final scores in the special test are comparable and equivalent to the final scores of the original test." Respondents are required to provide a special examination comparable and equivalent to the original examination. There has been no showing that the special test was otherwise. Nor should respondents be permitted to argue to their benefit that they violated their own regulations. It would be patently unfair to deprive this petitioner of the additional six percentage points merely because he was on active military duty when the regular examination was given. However, only after respondents have answered can there be any meaningful disposition of this proceeding (*Johnson v Crown Hgts. Community Corp.*, 39 AD2d 889; *Matter of Tobin v Ford*, 49 AD2d 83, 85). Accordingly, the matter is remanded to Special Term. Concur—Birns, Lane and Nunez, JJ.; Lupiano, J., dissents in the following memorandum: The pertinent facts are as follows: In June, 1973, respondents (Department of Personnel and City Civil Service Commissioner of the City of New York) conducted a regular examination for promotion to the position of Captain (Men), Department of Correction. Fifty-two out of 1,567 applicants achieved the passing grade of 70%, which was an insufficient number to meet the department's requirements. Consequently, respondents added 6% to each candidate's grade, thereby increasing the number of successful candidates to 301. Petitioner was unable to attend the regular examination in June, 1973 because of his service on active military duty. He was afforded the opportunity to take a special examination in December, 1974 wherein he achieved a grade of 66.7%. His request that an additional 6% be added to the grade on the special examination was denied, with the explanation that "On the regular examination for Promotion to Captain (Men), six points were added to the scores in order to achieve an appropriate level of difficulty. On the special examination, it was not deemed necessary to add points to the scores in order to achieve a *comparable* level of difficulty" (emphasis supplied). Petitioner then brought this article 78 proceeding, seeking judgment compelling respondents to, *inter alia,* accord him an additional 6% to his grade thereby awarding him a mark of 72.7% on the December 7, 1974 special examination. Respondents immediately moved to dismiss the petition on the ground that it fails to state a cause of action. The critical allegations of the petition, viewed against the circumstances delineated above, are as follows: "12. By letter dated March 8, 1976, the respondent Department of Personnel denied petitioner's request *on the arbitrary and capricious assertion that the regular examination was more difficult than the special examination * * * 13 * * * There is no evidence that special examination* No. 3524 taken by the petitioner *was not of a comparable level of difficulty with the* original or *regular examination* No. 3524. 14. In view of the premises, respondents' refusal to accord to petitioner equal treatment * * * by adding six points to petitioner's test score * * * was arbitrary and capricious" (emphasis supplied). The central issue as properly perceived in the petition is whether the special examination is of a comparable level of difficulty with the regular examination. The conclusory assertion by petitioner that al-

though respondents stated that the special examination is comparable in level of difficulty to the regular examination as regraded respondents have to present evidence in this regard, overlooks the fact that petitioner must aver that the level of difficulty between the examinations as given was comparable. The burden of presenting evidence to support such allegation (that the level of difficulty between the examinations as given was comparable) falls upon petitioner. It is patently insufficient to simply and solely aver that "there is no evidence * * * of a comparable level of difficulty," thereby bootstrapping an otherwise untenable allegation by casting respondents in the position of demonstrating in an evidentiary fashion the comparable levels of difficulty. Thus, petitioner's conclusion that respondents' refusal to add 6% to his mark on the special examination is a legal conclusion unsupported by necessary factual allegations tending to show entitlement to the relief sought. Respondents' General Examination Regulation E.15.4 provides as follows: "Whenever under the law or the rules a second or *special* competitive *test* is required to be given in connection with any examination held it shall be *comparable and equivalent to the original test in* scope, format, and *difficulty*. Such second or special test may be given in conjunction with a subsequent regular examination and *if it is ascertained that the tests* in such examination *are not of comparable and equivalent difficulty to the original test, the raw scores* in such special test *shall be adjusted so that the final scores in the special test are comparable and equivalent* to the final scores of the original test" (emphasis supplied). This regulation contemplates that an adjustment be made by respondents in an appropriate situation, which adjustment is subject to challenge only if arbitrary and capricious. Patently, the regulation admits of the possibility that the two examinations may not be of comparable difficulty and envisions corrections of scores to be taken in that event. Here, respondents deemed the special examination to be comparable in difficulty to the regular examination as regraded. In other words, the regular examination was deemed by respondents to be *too* difficult to achieve the purpose of obtaining sufficient successful candidates. Hence, they compensated by granting six percentage points to those who took the regular examination, thereby rendering it, in effect, simply difficult. The special examination taken by petitioner was deemed by respondents *not* to be *too* difficult, but simply difficult. The two tests being regarded, in consequence, as of a comparable level of difficulty, no compensation in increased percentage points was given petitioner. Special Term correctly perceived the issue and properly disposed of same. Accordingly, the order of the Supreme Court, New York County, entered September 17, 1976, granting respondents' motion to dismiss the petition should be affirmed, without costs and disbursements.