■ RAYMOND LEMME, Appellant, v LORETTA LEMME, Respondent.—In a divorce action, the plaintiff husband appeals from stated portions of an order of the Supreme Court, Westchester County, dated October 31, 1977, which, *inter alia,* awarded the defendant wife temporary alimony, child support and an interim counsel fee. Order affirmed insofar as appealed from, without costs or disbursements. A speedy trial is the most effective remedy to cure any seeming inequity in a *pendente lite* award. To insure that a speedy trial is had, the parties are directed to expeditiously complete all pretrial disclosure proceedings. Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.

■ NATIONAL LEARNING CORP., Respondent, v DURAMATIC PRESS, INC., Appellant.—In an action to recover damages for breach of contract and conversion, defendant appeals from an order of the Supreme Court, Nassau County, dated October 18, 1977, which, upon reargument, reinstated a default judgment in favor of plaintiff and denied defendant's motion to vacate that judgment. Order affirmed, with $50 costs and disbursements. On this record, we believe that Special Term exercised its sound discretion in finding that defendant had failed to meet its burden of demonstrating a meritorious defense to this action. We are also not persuaded by defendant's argument that service upon it was never effectuated. We find that service was properly effectuated and regard defendant's default as inexcusable. Latham, J. P., Damiani, Shapiro and Margett, JJ., concur.

■ ROBERT OBRENSKI, an Infant, by His Mother and Natural Guardian, EUGENIA OBRENSKI, et al., Respondents, v MICHAEL TUSHINSKY, Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Richmond County, dated December 20, 1977, which granted plaintiffs' motion to strike his answer and directed an assessment of damages. Order reversed, without costs or disbursements, and motion denied, without prejudice to the commencement of proceedings pursuant to CPLR 3106 (subd [c]). In view of the fact that defendant-appellant was incarcerated at the time that his examination before trial was scheduled pursuant to notice by plaintiffs-respondents, he did not willfully fail to appear for the examination within the meaning of CPLR 3126 and its related sections (see *Goldner v Lendor Structures,* 29 AD2d 978). Further, the striking of an answer is an extreme penalty and, in the interests of justice, should not be invoked absent a conclusive showing that the default in disclosure was clearly deliberate and contumacious (see *Shaw v Stewart Franklin Apts.,* 49 AD2d 892; *Matter of Colon v Department of Personnel,* 56 AD2d 538). Latham, J. P., Damiani, Shapiro and Margett, JJ., concur.