■ STATE OFFICE OF DRUG ABUSE SERVICES et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated February 17, 1978, which, *inter alia,* (1) reversed a determination of the State Division of Human Rights dismissing the complaint of the complainant-respondent James Gresham on a finding of no probable cause, and (2) held that there was probable cause to believe that petitioners had engaged in an unlawful discriminatory practice. Petition granted, order of the State Human Rights Appeal Board annulled, on the law, without costs or disbursements, and determination of the State Division of Human Rights reinstated. The record does not contain substantial evidence to support the appeal board's finding that there was probable cause to believe that the petitioners discriminated against the complainant-respondent on the basis of his race and color. It is clear that the decision to terminate the complainant's employment was made on the basis of lack of skill. The personnel records of the complainant do not indicate a specialty in air conditioning and refrigeration instruction. The fact that another employee, with the needed skills but with less seniority, was retained, does not indicate racial discrimination. Any challenge to the reclassification of titles or job qualifications under civil service requirements is a matter for review in a CPLR article 78 proceeding *(Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Human Rights Appeal Bd.,* 60 AD2d 820). Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.

■ ROBERT STEINFINK, Appellant-Respondent, v RONNIE STEINFINK, Respondent-Appellant.—In a matrimonial action, the plaintiff husband appeals from stated portions of an order of the Supreme Court, Nassau County, dated July 13, 1978, which, *inter alia,* awarded the defendant wife temporary alimony, custody of the parties' children and use of a Dodge Aspen automobile. The defendant purports to cross-appeal from certain portions of the same order. Cross appeal dismissed, without costs or disbursements (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686, 687). Order affirmed insofar as appealed from, without costs or disbursements. "A speedy trial is the most effective remedy to cure any seeming inequity in a *pendente lite* award" *(Lemme v Lemme,* 63 AD2d 695). To insure that a speedy trial is had, the parties are directed to expeditiously complete all pretrial disclosure proceedings. Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.

■ ALBERTA SWEET, Respondent, v CASTLE & COOKE, INC., Doing Business as BUMBLE BEE SEAFOODS, et al., Appellants.—In an action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated May 3, 1978, which (1) denied their motion, *inter alia,* to deny a general preference to this action and to transfer it to the Civil Court of the City of New York, Kings County, and (2) directed plaintiff and defendants to submit to an examination before trial. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Upon this record, the denial of a general preference is warranted. Hopkins, J. P., Martuscello, Damiani and Gulotta, JJ., concur.