■ JANE FITZGERALD, Respondent, v JOHN FITZGERALD, Appellant.—In a matrimonial action, the defendant husband appeals from (1) an order of the Supreme Court, Suffolk County, dated July 20, 1978, which, *inter alia,* (a) granted the plaintiff wife temporary alimony in the amount of $100 per week and temporary child support for each of the three children of the marriage in the amount of $35 per week (for a total of $205 per week), (b) granted the plaintiff exclusive possession of the marital residence and family automobile, and (c) directed the defendant to maintain a life insurance policy for the benefit of the plaintiff, and (2) a further order of the same court, dated November 17, 1978, which denied his motion for leave to renew or reargue, which was in fact one to reargue. Appeal from the order dated November 17, 1978 dismissed, without costs or disbursements. No appeal lies from an order denying leave to reargue. Order dated July 20, 1978 modified by (1) reducing the award of temporary child support to $25 per child per week and (2) deleting the requirement that the defendant maintain a policy of life insurance for the benefit of the plaintiff. As so modified, order affirmed, without costs or disbursements. The parties are directed to complete all pretrial disclosure proceedings and plaintiff is directed to place the action on the Trial Calendar forthwith. The trial court should accord this action a preference in the order of trial. It was error for

Special Term to direct that the defendant maintain a life insurance policy for the benefit of the plaintiff *pendente lite* (see *Bonardi v Bonardi,* 55 AD2d 613; *Enos v Enos,* 41 AD2d 642). Moreover, we believe that the award of temporary child support was excessive to the extent indicated. However, as for the other provisions claimed by the defendant to have been improper, we believe that "A prompt trial is the [best] means to resolve the claimed inequities" (see *Hahn v Hahn,* 65 AD2d 782; see, also, *Steinfink v Steinfink,* 65 AD2d 621; *Lemme v Lemme,* 63 AD2d 695) and to this end we have made the above directions. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.