■ MARGARET CATUCCI, Respondent, v SABATO F. CATUCCI, Appellant. (And Another Action.)—In a matrimonial action, the defendant husband appeals from (1) so much of an order of the Supreme Court, Westchester County, dated November 28, 1978, as (a) awarded plaintiff $275 per week for temporary alimony and child support, (b) awarded plaintiff a temporary counsel fee of $1,500, and (c) directed him to provide plaintiff with an automobile, and (2) a further order of the same court, dated April 11, 1979, which, *inter alia,* authorized plaintiff to enter a money judgment for arrears. Order dated November 28, 1978 affirmed insofar as appealed from, and order dated April 11, 1979 affirmed, without costs or disbursements. A speedy trial is the most effective remedy to cure any alleged inequity in a *pendente lite* award (see *Steinfink v Steinfink,* 65 AD2d 621). Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ PETER F. COHALAN, as Supervisor of the Town of Islip, et al., Respondents, v FRANK CAVIGLIA, Appellant.—In an action pursuant to CPLR 6330 to permanently enjoin defendant, his agents, servants and employees from selling, etc., certain films and magazines, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 16, 1979, which granted the application. Judgment reversed, on the law, without costs or disbursements, and complaint dismissed. The findings of fact have not been considered. In our view, the procedure by which Suffolk County law enforcement authorities seized the magazines and films which are the subject of this action was disapproved in *Lo-Ji Sales v New York* (442 US 319). Accordingly, the injunction against the sale, display or distribution of those items cannot stand. We note that the six items which were originally purchased by the policy do not fall within the proscription of the *Lo-Ji* case. However, for reasons which do not appear, those items were not included in the complaint, and are not listed in the judgment granting the permanent injunction. Accordingly, this court has no basis on which to act with respect thereto. Damiani, J. P., Lazer, Mangano and Margett, JJ., concur.

■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent, v ALVA DAVIS et al., Defendants, and MARGARET DAVIS, Appellant.—In an action to foreclose a mortgage, defendant Margaret Davis appeals from an order of the Supreme Court, Kings County, entered March 5, 1979, which, *inter alia,* granted plaintiff's motion to dismiss her answer and affirmative defense. The appeal brings up for review so much of a further order of the same court, dated March 26, 1979, as, upon reargument, adhered to the original determination. Appeal from the order entered March 5, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated March 26, 1979 affirmed insofar as reviewed, without costs or disbursements. The points raised by appellant are utterly devoid of any merit. Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.