■ PETER SPATHIS, Respondent, v KING KULLEN GROCERY CO., INC., Appellant.—In an action to recover damages, *inter alia,* for defamation, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered March 16, 1979, as awarded plaintiff punitive damages in the amount of $5,400, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, the award of punitive damages is deleted therefrom, and the action is remitted to Trial Term for the entry of an appropriate amended judgment. There is no evidence in the record to justify an assessment of punitive damages against defendant. (Cf. *Craven v Bloomingdale,* 171 NY 439; *Rose v Imperial Engine Co.,* 127 App Div 885, affd 195 NY 515.) Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.

■ CHRISTINE STAPLES, Respondent, v BRENDAN STAPLES, Appellant.—In a divorce action, the defendant husband appeals from an order of the Supreme Court, Rockland County, entered April 26, 1979, which awarded the plaintiff wife temporary alimony, child support and an interim counsel fee. Order affirmed, without costs or disbursements. A speedy trial is the most effective remedy to cure any inequity in a *pendente lite* award (*Fitzgerald v Fitzgerald,* 69 AD2d 808; *Hahn v Hahn,* 65 AD2d 782; *Steinfink v Steinfink,* 65 AD2d 621; *Lemme v Lemme,* 63 AD2d 695). Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.

■ TOWN OF OYSTER BAY, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—In an action to permanently enjoin defendant from (1) erecting utility poles and (2) removing any town-owned trees, without the approval of its superintendent of highways, the Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County, dated January 12, 1979, which denied its motion for a preliminary injunction. Appeal dismissed as academic, with $50 costs and disbursements. Since Special Term and this court denied plaintiff's motions for a preliminary injunction, defendant has lawfully erected the poles in controversy. An injunction will not issue to prohibit a *fait accompli* (see *Katz v Hoe & Co.,* 278 App Div 766, mot for lv to app den 302 NY 949, cert den 342 US 886; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.15). Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.