■ In the Matter of JOHN DOE, Appellant, v MARY ROE, Respondent.—Mikoll, J.

By order to show cause, petitioner, a 26-year-old unmarried male, sought an order to restrain respondent, a 22-year-old unmarried female, from aborting the parties' unborn child. In an affidavit by his attorney submitted in support of his application, petitioner alleged that respondent was approximately eight weeks pregnant, that respondent's parents had told her to get an abortion and that respondent was thinking about doing so. Petitioner asserts that he was ready, willing and able to raise the baby and to marry respondent. Supreme Court issued the requested order to show cause on September 14, 1988, returnable September 19, 1988, and issued a temporary restraining order prohibiting respondent and any unnamed abortion clinic and/or hospital and/or physician receiving notice of the order from aborting and terminating the life of the unborn child.

Respondent cross-moved to, *inter alia,* vacate the temporary restraining order on the ground that the proceeding was jurisdictionally defective. Respondent claimed that before petitioner could seek a temporary restraining order or a preliminary injunction, there must be an underlying action or proceeding, neither of which was present here. Respondent also submitted an affidavit, sworn to September 16, 1988, in which she gave reasons why she was not prepared to have a child at that time and why she believed that an abortion was in her interest and within her constitutional rights. Petitioner submitted his own affidavit in support of his application for a preliminary injunction pursuant to CPLR 6311. By order dated and entered September 19, 1988, Supreme Court dismissed the proceeding on jurisdictional grounds and vacated the temporary restraining order. This appeal by petitioner ensued.

This appeal must be dismissed as moot *(see, Town of Oyster Bay v New York Tel. Co.,* 75 AD2d 598). The record contains an affidavit of respondent, sworn September 21, 1988, which states that she had the abortion performed on September 19, 1988 at 10:15 P.M. and that she has no interest whatsoever in further litigating the matter. "An injunction will not issue to prohibit a *fait accompli" (supra).* Accordingly, we do not reach the jurisdictional issues addressed by Supreme Court.

Appeal dismissed, as moot, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.