■ BOARD OF MANAGERS OF THE LANDMARK CONDOMINIUM, Appellant, v 117 TULIP AVENUE ASSOCIATES et al., Defendants,

and LICON ASSOCIATES, INC., Respondent. [669 NYS2d 54] —In an action to recover damages, *inter alia,* for the negligence of the respondent Licon Associates, Inc. in the construction and/or design of the plaintiff's condominium building, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Lally, J.), dated August 23, 1996, which *sua sponte* dismissed the complaint based upon the plaintiff's failure to comply with a prior directive of the court to appear for a discovery conference, and (2), as limited by its brief, from so much of an order of.the same court entered January 30, 1997, as, upon, in effect, granting reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 23, 1996, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (*see,* CPLR 5701 [a] [2];[c]); and it is further,

Ordered that the order entered January 30, 1997, is reversed insofar as appealed from, as a matter of discretion, upon reargument, the order dated August 23, 1996, is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties were scheduled to appear for a conference at the Supreme Court, Nassau County, on August 1, 1996. Only attorneys for the plaintiff and the respondent appeared. At the conference, the attorneys told the court's law secretary that there had been some type of a settlement between the plaintiff and at least some of the nonappearing defendants in a related bankruptcy proceeding, and that the settlement would affect this action. The matter was therefore adjourned to August 21, 1996, and the court directed that the plaintiff appear with at least one of its principals.

On August 21, 1996, the plaintiff appeared in court. However, instead of appearing with one of its principals, the plaintiff appeared only by its attorney in this case, together with another attorney, who had represented it in the bankruptcy proceeding and who had knowledge of the settlement in the bankruptcy proceeding. Upon learning of the failure of the plaintiff's principal to appear, the court *sua sponte* issued the August 23, 1996, order dismissing the complaint.

The plaintiff moved for "reconsideration/renewal" of the August 23, 1996, order. After, in effect, granting reargument, the court denied the motion. The court recited the content of the August 23, 1996, order, and stated that the plaintiff had, in fact, defaulted and that in order to vacate the default the

plaintiff had to provide a reasonable excuse for the default, together with an affidavit of merit. The court found that the plaintiff's papers failed to show a reasonable excuse, refused to consider the plaintiff's principal's affidavit, and adhered to its original determination. We disagree and therefore reverse.

The plaintiff did not default in appearing on August 21, 1996. Rather, it failed to comply literally with the prior direction of the Supreme Court. Thus, there was no default and the Supreme Court should not have required the plaintiff to show a reasonable excuse as well as an affidavit of merit before considering whether or not it should vacate its prior order (cf., D'Agostino v Chersevani, 216 AD2d 435; Billings v Rao, 172 AD2d 472).

The dismissal of the complaint was an improvident exercise of discretion. Clearly, the bankruptcy attorney was a proper person to communicate to the court the terms of the settlement in the related bankruptcy proceeding. Since this was the information that the plaintiff was supposed to provide, the plaintiff's failure to comply literally with the Supreme Court's prior direction by appearing with one of its principals should not have resulted in the dismissal of its complaint (see, CPLR 3126 [3]; Kokalari v Kokalari, 166 AD2d 418; Obrenski v Tushinsky, 63 AD2d 695; cf., Frias v Fortini, 240 AD2d 467; Herrera v City of New York, 238 AD2d 475).

The respondent's remaining contentions are academic in light of our determination. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.