■ JEFFREY S. WEEN & ASSOCIATES, Appellant, v LORA LABOVSKY et al., Respondents, et al., Defendant. [698 NYS2d 634] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered June 5, 1998, which, *inter alia*, dismissed plaintiff's complaint and replies to defendants' counterclaims, unanimously affirmed, without costs.

After having been ordered to appear personally at an adjourned conference because counsel was unable to answer questions related to discovery issues, plaintiff's principal, Jeffrey Ween, did not attend the conference but instead sent counsel, who submitted a letter of engagement by Ween. Upon questioning by the court, it was disclosed that, contrary to the allegations in his letter, Ween was available since his trial had been resolved, but that Ween nonetheless chose to remain in his office, purportedly because he was not prepared to respond to certain interrogatories. After the court dismissed the complaint, it granted counsel's request for a brief recess in order to secure Ween's presence. Ween still refused to come to court, claiming that he was not prepared to defend on the counterclaims. Under the circumstances, plaintiff's principal's conduct was willful, contumacious and in bad faith and warranted the drastic remedy of striking plaintiff's pleadings (*cf., Board of Mgrs. of Landmark Condominium v 117 Tulip Ave. Assocs.*, 247 AD2d 569).

We have considered plaintiff's remaining contention and find it to be unavailing. Concur—Ellerin, P. J., Rosenberger, Nardelli, Lerner and Andrias, JJ.