■ DOMINICK DE JOY et al., Respondents, v L & T TAVERN CORP., Appellant, et al., Defendants. — In an action to recover damages for personal injuries, etc., defendant L & T Tavern Corp. appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated November 5, 1981, which granted plaintiffs' motion to strike said defendant's answer for its failure to comply with a previous order of the same court. Order reversed, without costs or disbursements, and motion to strike denied without prejudice to renewal in the event Donald Cooley is not produced for an examination at Special Term, Part II, of the Supreme Court, Suffolk County, on August 27, 1982, at 10:00 A.M. This action arose from an assault committed in November, 1977, upon plaintiff Dominick De Joy by two patrons of a tavern owned by defendant L & T Tavern Corp. (L & T). The first cause of action, under the Dram Shop Act (General Obligations Law, § 11-101), alleges that L & T's employees continued to serve alcoholic beverages to the perpetrators of the assault even after they should have known that the individuals were intoxicated. A second cause of action alleges that L & T was negligent in failing to protect De Joy and failing to call the police. After plaintiffs obtained an order directing L & T to appear for an examination before trial, the corporation produced Lawrence Werkstell who was its vice-president and one of its two shareholders. At the examination, Werkstell revealed that he had no personal knowledge of the incident in question because he had not taken an active role in the tavern's business. He did testify, however, that Donald Cooley, L & T's other shareholder and president, who actively participated in the business, had received a call from an employee of the tavern on the night of the incident. Werkstell also disclosed that the corporation had sold the tavern in October, 1978. Plaintiffs then moved for an order striking L & T's answer for failure to produce a party with knowledge of the facts. In opposition, L & T's counsel averred that "[w]e have been attempting to contact Mr. COOLEY but upon information and belief we understand he is not within the State and we have no present address." Werkstell also stated that "[n]one of the efforts to contact Mr. Cooley have been successful." Special Term granted the motion to strike the answer. On this record, L & T has not demonstrated a good faith, diligent effort to locate Mr. Cooley, who is its president and one of its shareholders. We view the

reasons given for Cooley's nonproduction as mere conclusory generalities entitled to no weight on a motion such as this. Nevertheless, since the striking of a pleading is a drastic remedy (see *Ortiz v New York City Health & Hosps. Corp.*, 72 AD2d 741; *Obrenski v Tushinsky*, 63 AD2d 695), we will afford L & T a further opportunity to produce Cooley within a reasonable time. In the event he is not produced, plaintiffs may, if they be so advised, renew their motion to strike. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.