■ CLAURINE BRANKER, Individually and as Administratrix of the Estate of VERONICA C. FORTE, Deceased, Respondent, v COUNTY OF NASSAU et al., Appellants. — In a wrongful death action based on medical malpractice, (1) defendants appeal from an order of the Supreme Court, Nassau County (Kelly, J.), dated March 29, 1982, which granted plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answers and denied defendants' cross motions, *inter alia,* for stated disclosures by plaintiff and (2) defendants County of Nassau, Nassau County Medical Center and Franklin General Hospital appeal from a further order of the same court, dated May 26, 1982, which denied motions for reargument. Appeals from the order dated May 26, 1982 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated March 29, 1982 reversed, without costs or disbursements, and plaintiff's motion to strike the answers is denied, without prejudice to renewal in the event defendants are not produced for an examination before trial; defendants' cross motions are granted to the extent that plaintiff is directed to (1) advise defendants of the whereabouts of Marva Ann Forte, and when and where she will be in New York State, and (2) deliver to defendants an executed authorization for release of records of decedent's prior medical treatment, pursuant to the order of Special Term dated October 21, 1981. The examination before trial shall proceed on a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. Plaintiff shall comply with the required disclosure within 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. Under the circumstances, the failure of defendants to produce employees with knowledge of the facts on the date scheduled by the order of Special Term dated October 21, 1981, was not willful. In any event, in view of the drastic effect of a striking of the answers, defendants are afforded a further opportunity to

appear for examination (see *De Joy v L & T Tavern Corp.,* 89 AD2d 613). In the event of noncompliance, plaintiff may, if she be so advised, renew her motion to strike. Plaintiff also has an obligation to comply with the prior order of Special Term, and must, therefore, furnish defendants with the medical authorizations as specified in paragraph 8 thereof. Also, under the circumstances, plaintiff is required to furnish defendants with information as to the whereabouts of her daughter, and when and where she will be in New York State (cf. *Berger v Fete Cab Corp.,* 57 AD2d 784). O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.