■ MICHAEL STATHOUDAKES et al., Plaintiffs, v KELMAR CONTRACTING CORP., Defendant and Third-Party Plaintiff-Respondent. JACKSON ENGINEERING Co., INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant Jackson Engineering Co., Inc. appeals from so much of an order of the Supreme Court, Kings County (Cohen, J.), dated April 7, 1988, as granted the third-party plaintiff's motion to strike its answer and denied its cross motion for summary judgment dismissing the third-party complaint and for severance of the third-party action.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof granting that branch of the third-party plaintiff's motion which was to strike the answer of the third-party defendant, and the answer of the third-party defendant is reinstated; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, King County, for further proceedings consistent herewith.

In 1983 the instant action was commenced to recover money damages for personal injuries allegedly sustained by the plaintiff Michael Stathoudakes on May 18, 1981, when a step on a ladder supplied by the defendant and third-party plaintiff Kelmar Contracting Corp. (hereinafter Kelmar) broke underneath him causing him to fall. The plaintiff was a pipefitter employed by the third-party defendant Jackson Engineering Co., Inc. (hereinafter Jackson). Jackson was the prime contractor for maintenance work on the U.S.S. *Pawcatuck* berthed in Staten Island, and Kelmar had subcontracted with Jackson to perform sandblasting and painting on the ship.

Pursuant to a precalendar order dated January 29, 1985, examinations before trial of all the parties were to be held on April 30, 1985. The deposition of Jackson was not held since it had filed for bankruptcy and all actions against it had thereby been stayed. In October 1987, the Bankruptcy Court gave Kelmar permission to pursue its third-party action for indemnification and/or contribution against Jackson. Kelmar renot-

iced Jackson for a deposition, but Jackson again failed to show on the grounds that it had gone bankrupt and out of business many years ago and that there were no longer any officers, directors or employees to depose. Kelmar then brought a motion pursuant to CPLR 3126 to, *inter alia,* strike Jackson's answer for its failure to provide disclosure. The court granted Kelmar's motion and denied Jackson's cross motion for summary judgment dismissing the third-party complaint.

While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is generally a matter left to the sound discretion of the trial court *(see, Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892, 893), the penalty of striking an answer for failure to disclose is extreme and should only be levied where the failure has been willful or contumacious *(see, Delaney v Automated Bread Corp.,* 110 AD2d 677, 678). In this case, the record does not show that Jackson's failure to appear for examinations before trial, after the stay in bankruptcy had been lifted in October of 1987, was willful or contumacious. Indeed, Kelmar at a minimum was aware as early as November 1985 that Jackson was bankrupt and no longer conducting business. Under the circumstances, the court improvidently exercised its discretion in unconditionally striking Jackson's answer. The attorneys for Jackson should be afforded another chance to provide the requested documentary information or, if they cannot, to supply a satisfactory explanation of their efforts to obtain that information.

A "proponent of a motion for summary judgment is required to make a prima facie showing of entitlement to judgment, as a matter of law, offering sufficient evidence to eliminate any material issues of fact from the case. The failure to make such a showing requires the denial of the motion, regardless of the insufficiency of the opposing papers" *(Fox v Wyeth Labs.,* 129 AD2d 611). The papers submitted by Jackson in support of its cross motion fail to show that it is entitled to summary judgment as a matter of law; therefore, the cross motion for summary judgment and for a severance was properly denied. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.