■ Peter Lowitt, Respondent, v Burton I. Korelitz, M.D., P. C., et al., Appellants, et al., Defendants.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about October 18, 1988, which struck defendant Sohn's answer and denied defendants' motion for appointment of a Referee, reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion to strike is denied on the condition that defendant Sohn's attorneys pay plaintiff $5,000 within 30 days of the date of this order. The defendants' motion to appoint a Referee to supervise depositions is granted with the expense to be borne by defendant Sohn. Appeal from an order of the same court, entered on or about January 11, 1989, which denied defendant Sohn's motion for reargument is dismissed as not appealable, without costs.

In the underlying medical malpractice action plaintiff seeks damages for the alleged unnecessary surgical removal of his colon and rectum. Plaintiff amended his complaint July 30, 1985. Defendants subsequently submitted their separate answers and discovery ensued.

Defendant Sohn's deposition marked the beginning of extensive motion practice by the plaintiff to restrain defense counsel's dilatory tactics during the course of examination. On April 5, 1988, the trial court admonished defendant Sohn's attorney for her obstructive behavior and directed both parties to continue the depositions in an expeditious and profes-

sional manner. However, on the date Dr. Sohn's deposition was scheduled to continue, defense counsel informed the plaintiff that the defendant would not be able to attend due to previously scheduled professional commitments. On June 15, 1988 the court ordered defendants' attorney to pay the plaintiff $500 as a sanction under CPLR 3126. The court also ordered Dr. Sohn to attend the next scheduled date of his deposition.

Dr. Sohn's deposition continued on June 28, 1988 but was clouded by the obstreperous behavior of defense counsel. The next day Dr. Sohn excused himself from the deposition, stating that his office had called him to attend to an emergency concerning a patient. On July 1, 1988 the defendant doctors requested the appointment of a Referee under CPLR 3104 to supervise all future examinations by the plaintiff. In support of their motion the defendants submitted several affidavits of counsel which stated that plaintiff's counsel harassed defendant Sohn during previous examinations. Plaintiff cross-moved to strike defendant Sohn's answer under CPLR 3126 (3) because of his deliberate efforts to withhold information. The affidavit of counsel submitted in support of plaintiff's motion recounted the unsuccessful attempts by plaintiff's counsel to examine Dr. Sohn.

The motion court found no special circumstances requiring the depositions to be supervised. The court, therefore, denied defendants' motion to appoint a Referee. The court also found that defendant Sohn and his counsel had conducted themselves in bad faith and in willful disregard of court orders. Consequently, the court granted plaintiff's motion to strike Dr. Sohn's answer.

We note here that defendant Sohn also appeals the trial court's order denying him leave to renew or reargue this order. To the extent that Dr. Sohn offered no new evidence for the court's consideration, this order is not appealable. *(Holiday v Harrows, Inc.,* 91 AD2d 1062 [2d Dept 1983].)

It is generally within the discretion of the trial court to determine the appropriate penalty under CPLR 3126 that should be imposed against an offending party. *(Stathoudakes v Kelmar Contr. Corp.,* 147 AD2d 690 [2d Dept 1989].) For this court to uphold a sanction under CPLR 3126 (3), however, there must be a conclusive showing that the noncomplying party's conduct was willful, contumacious or due to bad faith. *(Dauria v City of New York,* 127 AD2d 459 [1st Dept 1987].) Striking a defendant's answer is a drastic remedy and is inappropriate when the contumacious behavior or noncompli-

ance is attributable to defendant's counsel rather than to the defendant. *(Bako v V. T. Trucking Co.,* 143 AD2d 561 [1st Dept 1988].) In this case, defense counsel's insolent behavior is largely responsible for disrupting the plaintiff's efforts to depose Dr. Sohn. Although it was unfortunate that Dr. Sohn was called away on an emergency during his June 29, 1988 examination, we find his explanation reasonable in light of all the circumstances. The trial court should not have considered his sudden departure in the same context with his attorney's dilatory behavior. *(River Park Assocs. v Meyerbank Elec. Co.,* 116 AD2d 709 [2d Dept 1986].) Therefore, it was an improvident exercise of discretion to strike defendant's answer.

In view of the hostility and lack of cooperation exhibited by these parties, we find the appointment of a Referee to supervise further deposition disclosure in this action an appropriate measure. *(Capoccia v Brognano,* 126 AD2d 323 [3d Dept 1987].) Inasmuch as defendant Sohn has volunteered to pay for the expense of employing a Referee, these costs will be assessed against defendant Sohn. Concur—Asch, J. P., Rosenberger, Wallach and Smith, JJ.