■ JOANNE SALARIS, Individually and as Administratrix of the Estate of GEORGE SALARIS, Deceased, Appellant, v JAMAICA HOSPITAL et al., Respondents, et al., Defendants.—In a medical malpractice action, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated February 8, 1990, as denied her motion, *inter alia,* to strike the defendants' answers.

Ordered that the portion of the appeal which seeks review of the provision denying that branch of the motion which was to strike the answer of the defendant Dr. Samir K. Dutta is dismissed as abandoned, as the plaintiff has settled with that defendant; and it is further,

Ordered that the order is affirmed insofar as reviewed from; and it is further,

Ordered that the respondents Jamaica Hospital and L. Hoffman are awarded one bill of costs.

There is no evidence that the plaintiff made any effort to comply with the notices to take depositions which were originally served by the defendant Dr. Samir K. Dutta in 1982. Instead, the plaintiff allowed her action to languish for approximately six years, until her attorneys made a request for judicial intervention in 1988. While the defendants (except for the defendant Jamaica Hospital) were in technical default of a subsequent order which directed them to produce witnesses for depositions which were to be completed on or before March 30, 1989, this failure is excusable in light of the

pendency of a motion to dismiss the plaintiff's action, which we find to have been made in good faith on March 20, 1989. We also note that the plaintiff's attorney refused to conduct a deposition of the defendant Dr. L. Hoffman, who had made himself available for this purpose on June 13, 1989. Under these and all the other circumstances of this case, we conclude that the court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for an order striking the answers of the defendants Jamaica Hospital and Dr. L. Hoffman (CPLR 3126; *see generally, Lowitt v Korelitz,* 152 AD2d 506; *Stathoudakes v Kelman Contr. Corp.,* 147 AD2d 690; *Wolper v LaGuardia Med. Group,* 143 AD2d 830; *De Joy v L & T Tavern Corp.,* 89 AD2d 613; *Cinelli v Radcliffe,* 35 AD2d 829). The court instead properly ordered the defendant Dr. L. Hoffman to appear for an examination before trial on February 22, 1990, and the parties advise us that this deposition has in fact been held.

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.