■ Lehman Government Securities, Inc., et al., Respondents, v Enhanced Treasury Returns Corporation, Appellant. [629 NYS2d 13] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 12, 1995, which struck defendant's answer as a sanction for nondisclosure, found for plaintiffs on liability as a matter of law and directed a Referee's inquest on damages, as modified by an order of the same court and Justice, entered February 10, 1995, which reinstated defendant's counterclaim, unanimously affirmed, with one bill of costs. Appeals from orders of the same court and Justice, entered on or about February 10, 1995, which denied defendant's motions for a protective order and to vacate plaintiffs' note of issue, unanimously dismissed as moot, without costs.

Plaintiffs were repeatedly forced to seek court intervention relative to discovery. More than once, the IAS Court directed the deposition of defendant's witness and the provision of the disputed information. Only at the eleventh hour did defendant first assert its dubious claim that the information was privileged. Not until faced with the immediate possibility of an order striking the answering pleadings did defendant protest on the ground that there was practical difficulty in producing the witness and the disputed information, and then its counsel was unable to be consistent about the whereabouts of the witness. Under these circumstances, it was not an improvident exercise of discretion to strike defendant's pleadings (*see generally, Lowitt v Korelitz*, 152 AD2d 506, 507).

The appeals from the second and third orders are moot. The reasons given for striking plaintiffs' note of issue no longer matter now that there will be no trial on liability, nor do the reasons given for not requiring disclosure of the allegedly confidential information. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.