■ APPLIED ELECTRIC CORPORATION, Respondent, v CITY OF NEW YORK (MUSEUM OF NATURAL HISTORY), Appellant. WHITLER CONTRACTING CO., INC., Respondent, v CITY OF NEW YORK (REHABILITATION OF WALLS, FENCES, ETC.), Appellant. — Orders, Supreme Court, New York County (A. Fraiman, J.), entered April 12, 1983, denying defendant city's motions for summary judgment and to dismiss the complaint pursuant to CPLR 3126 for delay in serving answers to interrogatories, are unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent that denial of said motions is conditioned upon payment to defendant city, respectively, by plaintiff in the Applied Electric Corporation case of $1,000, and by plaintiff in the Whitler Contracting Co., Inc., case of $2,000, costs, within 30 days after service of a copy of the order determining this appeal, and otherwise affirmed, and in default of such payment in either or both of such appeals, the respective order or orders are reversed, and the complaint or complaints are dismissed pursuant to CPLR 3126, all without costs on appeal. ¶ In these two construction contract cases the plaintiffs have been guilty of most unconscionable and unexcused delays in answering interrogatories demanded by defendant by notice; in the Applied Electric Corporation case the answers to the interrogatories were not served for 25 months after the notice; in the Whitler Contracting Co., Inc., case the answers to the interrogatories were not served for almost five years after the notice. However, the city has been far from alert in asserting its rights. There is no evidence that the city ever made any further request for the answers during the years of delay between the time of the original demands and the time the answers were served, or made any motions for sanctions during that period. Answers to the interrogatories were in fact furnished before the city made the present motions. Accordingly we do not think these delays merit the extreme sanction of dismissal. But some sanction there must be, and accordingly we are conditioning the denials of the motions to dismiss upon the payment of the sums specified in our order. ¶ Although the motions were denominated in part as motions for summary judgment, it is clear that in fact the motions were based solely on the procedural ground of the delays in the service of the answers to interrogatories. There was no fair opportunity for either side to present or discuss the substantive issues relating to the validity of plaintiffs' claims, and particularly for delay damages. Accordingly, our present decision is not to be deemed to foreclose any appropriate rulings or applications with respect to those substantive issues. Concur — Sandler, J. P., Ross, Silverman, Bloom and Kassal, JJ.