■ FRIEDA BERNSTEIN et al., Appellants, v LEONARD C. BURSON, Respondent.—In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated July 11, 1985, which conditionally granted their motion to strike the defendant's answer pursuant to CPLR 3126, unless the defendant appeared for examination before trial on August 8, 1985.

Ordered that the order is affirmed, without costs or disbursements; the defendant's time to comply is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry, and the examination before trial of

the defendant shall be held at a time and place to be set forth in a written notice of not less than 10 days to be given by the plaintiff, or at such other time or place that the parties may agree.

A notice and cross notice to take depositions were exchanged between the parties. The depositions were adjourned several times. Thereafter, the plaintiffs moved for an order directing the defendant's deposition, and the defendant cross-moved for an order directing all of the parties to appear for depositions. By order dated November 7, 1984 (Pantano, J.), all of the parties were directed to appear for oral deposition on January 16, 1985.

The defendant failed to appear for the deposition on January 16, 1985, and, thereafter, claimed that his default was inadvertent. The plaintiffs then moved for an order striking the defendant's answer for failure to appear at the examination before trial. By order dated April 17, 1985 (McCaffrey, J.), the plaintiffs' motion to strike the defendant's answer was denied and all parties were directed to appear for depositions on May 7, 1985.

The defendant was unable to appear for the May 7, 1985 deposition until 1:00 P.M., because he had unavoidably been scheduled to perform surgery on that morning. The plaintiffs' attorney refused to wait until 1:00 P.M., and none of the parties was deposed.

The plaintiffs then moved for an order striking the defendant's answer for failure to comply with the court's orders directing his deposition. Special Term conditionally granted the plaintiffs' motion unless the defendant appeared for a deposition on August 8, 1985. The plaintiffs appeal from that order.

Under the circumstances, it does not appear that the defendant's conduct was willful, deliberate, or contumacious, and, thus, the drastic sanction of unconditionally striking his answer is not warranted (see, *Plainview Assoc. v Miconics Indus.,* 90 AD2d 825; *Cinelli v Radcliffe,* 35 AD2d 829). Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.