■ GRACE ROSNER, Appellant, v BLUE CHANNEL CORPORATION, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Durante, J.), dated January 21, 1986, which granted the defendant's motion pursuant to CPLR 3126 to dismiss the complaint, and (2) as limited by her brief, from so much of an order of the same court, dated April 28, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 21, 1986 is dismissed, without costs or disbursements, as that order was superseded by the order dated April 28, 1986, made upon reargument; and it is further

Ordered that the order dated April 28, 1986, is reversed insofar as appealed from, on the law, without costs or disbursements, the order dated January 21, 1986, is vacated, and the motion is denied on condition that the plaintiff's counsel personally pay $1,000 to the defendant within 30 days after service upon him of a copy of this decision and order, with notice of entry; in the event that this condition is not complied with, the order dated April 28, 1986, is affirmed insofar as appealed from, without costs or disbursements.

By order dated October 3, 1984, the defendant's motion to preclude was granted unless the plaintiff complied with certain discovery demands within 30 days. The plaintiff had previously served a verified bill of particulars which had been accepted by the defendant. Thereafter, on or about July 23, 1985, the defendant moved for summary judgment based upon the plaintiff's failure to provide discovery as directed in the October 3, 1984 order. Prior to the return date of the defendant's motion, the plaintiff complied with the required discovery demands. In addition, the plaintiff's attorney opposed the motion, annexing proof of compliance with discovery. The plaintiff's counsel attributed the delay in compliance to the fact that his client had moved to Florida and her whereabouts were unknown for some time. In granting the defendant's motion, the Supreme Court held that the plaintiff "was bound to demonstrate an excusable default and the existence of a meritorious claim".

The defendant's motion must be characterized as one pursuant to CPLR 3126 to dismiss the complaint for failure to comply with the October 3, 1984 order of discovery. In order to prevail on such a motion, the defendant must show that the plaintiff's failure to comply was willful and contumacious and the plaintiff was required to offer a reasonable excuse for her noncompliance (see, Battaglia v Hofmeister, 100 AD2d 833). The record reveals that the plaintiff's failure to comply was not willful and contumacious and the Supreme Court erred in granting summary judgment to the defendant. However, due to plaintiff's counsel's lengthy delay in complying with the order, partly resulting from law office failure, payment in the sum of $1,000 by him is appropriate. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.