■ HARRY BIGMAN et al., Respondents, v DIME SAVINGS BANK OF NEW YORK, Appellant.—In an action to recover damages, inter alia, for unlawful interference with contract, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Graci, J.), dated January 8, 1987, as denied its application for an order adjudging certain nonparty witnesses in contempt, and (2) from so much of an order of the same court, dated February 27, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 8, 1987 is dismissed. That order was superseded by the order

dated February 27, 1987 made upon reargument; and it is further,

Ordered that the order dated February 27, 1987 is affirmed insofar as appealed from, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Because the defendant's application to adjudge certain nonparty witnesses in contempt on account of their failure to appear for deposition (see, CPLR 3106 [b]; 2308; Judiciary Law § 753 [A] [5]) is otherwise defective, we need not determine whether the witness and mileage fees required by CPLR 2303 must be tendered in cash. We note that none of the subpoenas contained or was accompanied by a notice stating the "circumstances or reasons such disclosure is * * * required" (CPLR 3101 [a] [4]). Moreover, because the nonparty witnesses did not appear on the application to punish for contempt, the defendant's failure to include in its notice of motion the warning and notice required by Judiciary Law § 756 renders the application fatally defective (cf., Matter of Rappaport, 58 NY2d 725; see, Bobko v Rohrberg, 85 AD2d 675). Finally, the record before us fails to demonstrate how, when or indeed whether each of the witnesses was served with the papers by which the application to punish for contempt was made (see, Long Is. Trust Co. v Rosenberg, 82 AD2d 591). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.