■ MICHAEL A. WOLFSON et al., Appellants, v NASSAU COUNTY MEDICAL CENTER, Respondent.—In an action to recover damages for personal injuries based upon medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated November 18, 1986, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The defendant served a series of interrogatories on the plaintiffs on or about February 1, 1984. More than 2½ years elapsed before, on or about September 29, 1986, the defendant made a motion to dismiss the complaint because of the plaintiffs' failure to respond to the interrogatories. The court granted the motion and denied a subsequent motion by the plaintiffs for reargument. This appeal followed.

A court may dismiss an action if the plaintiff "wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). The sanction of dismissal may be warranted even where, as in the present case, the plaintiff committed no violation of a prior court order *(see, Goldner v Lendor Structures,* 29 AD2d 978; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:6, at 645-646).

In the present case, the extensive nature of the plaintiffs' delay in responding to the defendant's interrogatories permits an inference that the delay was willful. The plaintiffs' current attorneys allege absolutely no excuse for this delay and state only that they were not substituted for the plaintiffs' former attorneys until after, or shortly before, the defendant made the motion pursuant to CPLR 3126. This circumstance neither explains nor excuses the unconscionable delay in prosecuting this action. The default can therefore be considered willful and no error as a matter of law was committed when the Supreme Court imposed the sanction of dismissal.

Furthermore, we find that the refusal of the court to exercise its discretionary power to impose a lesser sanction *(see, e.g., Applied Elec. Corp. v City of New York,* 101 AD2d 795) was neither abusive nor improvident. We recognize that the plaintiffs had no statutory obligation to furnish an affidavit of merit in connection with their opposition to the defendant's

motion pursuant to CPLR 3126 *(see, Battaglia v Hofmeister,* 100 AD2d 833).* However, we may nevertheless consider the absence of any showing of merit as a factor affecting our decision whether a sanction less drastic than dismissal might be warranted. In light of the absence of any showing of merit, and in light of the unconscionable disregard for statutory discovery timetables exhibited by the plaintiffs, we conclude that dismissal was the appropriate sanction. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.