■ EDITH G. READ, Respondent, v DONNA DICKSON et al., Appellants.—In an action, *inter alia,* to enjoin the defendants from interfering with an easement-of-way, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Coppola, J.), entered March 2, 1988, which, *inter alia,* denied their motion to vacate their default in appearing at court-ordered depositions, and (2) from an order and judgment (one paper) of the same court, entered May 10, 1988, which, upon granting the plaintiff's motion pursuant to CPLR 3126 to strike their answer for failure to appear at the court-ordered depositions, *inter alia,* permanently enjoined them from interfering with the plaintiff's easement-of-way.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, with one bill of costs, and the motion is denied, on condition that the defendants appear for examinations before trial at a time and place to be specified in written notice of not less than 10 days to be given by the plaintiff, which examinations shall be held within 30 days after the date of this decision and order; and it is further,

Ordered that in the event the condition is not complied with, then the order and judgment is affirmed, with one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). Indeed, the appellants acknowledge that that order was "superseded", and have abandoned their appeal therefrom.

The drastic sanction of unconditionally striking an answer pursuant to CPLR 3126 for failure to comply with court-ordered discovery should not be invoked unless the resisting party's default is clearly shown to be deliberate and contumacious *(see, e.g., Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580; *Linwood Roofing & Contr. Co. v Olit Assocs.,* 123 AD2d 840; *Battaglia v Hofmeister,* 100 AD2d 833, 834). The moving party bears the initial burden of coming forward with a sufficient showing of willfulness *(see, Rosner v Blue Channel Corp.,* 131 AD2d 654; *Scharlack v Richmond Mem. Hosp., supra).* The resisting party must then offer a reasonable excuse for his default *(see, Rosner v Blue Channel Corp., supra; Scharlack v Richmond Mem. Hosp., supra).* In opposing a motion made pursuant to CPLR 3126, the resisting party has no statutory obligation to furnish an affidavit of merit *(see, Wolfson v Nassau County Med. Center,* 141 AD2d 815; *Battaglia v Hofmeister, supra).*

Upon our review of the record, we conclude that the plaintiff failed to meet her initial burden of showing willfulness in the defendants' failure to appear at their court-ordered examinations before trial. On the date of the scheduled examinations, the defendant James Dickson, an orthopedic surgeon, called the office of the plaintiff's counsel, claiming one of his patients had a medical emergency which precluded his appearance. The defendants, who were then unrepresented by counsel, apparently believed their appearance would be excused and the examinations of both of them rescheduled. The defendants did not appear at a preliminary conference held thereafter on October 7, 1986, claiming they received no notice thereof. At that time, the plaintiff made an application to strike the defendants' answer for failure to appear at the examinations. A proposed order with notice of settlement granting the motion was submitted to the court, but was withdrawn by the plaintiff and later resubmitted. The order and judgment appealed from was entered. This appeal ensued.

Given the circumstances of the defendants' default and the events occurring thereafter, as well as the lack of prejudice to the plaintiff as a result of the delay, the defendants should be given an additional opportunity to comply with the direction

that they submit to oral depositions *(see, Sadik v Maimonides Hosp.,* 131 AD2d 456; *Bernstein v Burson,* 126 AD2d 593). Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.