■ FURNITURE FANTASY, INC., Appellant, v LOUIS CERRONE et al., Respondents.—In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated °April 18, 1988, which granted the defendant Louis Cerrone's motion, in which the defendants Theodore Ain and Bam Realty Co. joined, to strike the plaintiff's complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The nominal plaintiff in the instant subrogation action, Furniture Fantasy, Inc., failed to produce its principal for an examination before trial as required by an order of the Supreme Court, Queens County (Leviss, J.), dated October 2, 1986, which was issued after a pretrial conference. Subsequently, at a second conference held in November 1987, the court orally directed that the examination take place on January 6, 1988. The plaintiff, however, once again failed to produce the witness to be examined.

Approximately one month later the defendant Cerrone moved to strike the plaintiff's complaint pursuant to CPLR 3126, and the defendants Bam Realty Co. and Theodore Ain joined in the motion. In opposition to the motion, the appel-

lant argued that although the lawsuit was being prosecuted in the name of its insured, the action was one in the nature of subrogation, and that the insurer lacked control over its insured and the witness designated to appear at the examination. The insurer's counsel further contended that the insured had moved its business prior to the commencement of the lawsuit and initially could not be located. The insured was eventually located and a witness, Christine Darrow, agreed at first to appear at the examination before trial. However, Ms. Darrow subsequently declined to appear on the advice of her attorney, because she had commenced an unrelated lawsuit against the insurer. The insurer's counsel claimed he had previously been unaware of the suit against his own client. He provided no further description of this "unrelated" action. Although over 15 months from the date of the first order directing an examination before trial had elapsed and although a second default occurred on January 6, 1988, the insurer's counsel's affirmation failed to supply any elaboration of precisely what efforts were made over this lengthy period of time to secure the witness's attendance and when these efforts were undertaken. The Supreme Court granted the defendants' motion and struck the plaintiff's complaint. We affirm.

It is well settled that the drastic sanction of unconditionally striking a pleading pursuant to CPLR 3126 should not be invoked unless the resisting party's default is shown to be deliberate and contumacious (see, Read v Dickson, 150 AD2d 543; Stathoudakes v Kelmar Contr. Corp., 147 AD2d 690; Scharlack v Richmond Mem. Hosp., 127 AD2d 580). Moreover, the moving party bears the initial burden of coming forward with a sufficient showing of willfulness (see, Read v Dickson, supra; Rosner v Blue Channel Corp., 131 AD2d 654). The resisting party must then offer a reasonable excuse for his default (see, Read v Dickson, supra).

We conclude that the Supreme Court's order striking the complaint constituted an appropriate exercise of discretion under the circumstances. The record discloses that despite being ordered twice to produce the witness for an examination before trial, the insurer failed to comply with the court's directives. The conclusory assertions set forth in the insurer's counsel's affirmation, which provide only a vague description of the specific efforts expended to secure the witness's attendance, fall well short of providing a reasonable excuse for the failure on two separate occasions to produce the witness in question. Further, the papers submitted by the insurer's counsel reveal that even though he was apparently aware, after

the first default, of the reasons underlying Ms. Darrow's reluctance to appear, he nevertheless permitted the rescheduling of her deposition without notifying the court of the insurer's status as subrogee and, thus, the potential difficulties which might arise in securing the witness's attendance. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.