■ HADLEY E. SLOBEN et al., Appellants, v ALLAN G. STAM et al., Respondents, et al., Defendant.—In an action to impose a constructive trust on three parcels of land pursuant to an oral agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated April 29, 1988, which, *inter alia,* granted the motion of the defendants Allan G. Stam and Patricia L. Stam, Soundview Realty, Inc. and Morris Oppman to dismiss the complaint as against them pursuant to CPLR 3126.

Ordered that the order is affirmed, with one bill of costs.

A review of the record establishes that the respondents served a notice for discovery and inspection which was inadvertently made returnable on a Saturday. The respondents' attorneys, who failed to receive any communication from the appellants' attorney with respect to the notice, learned at a pretrial conference held several weeks later that the appel-

lants' attorney had allegedly appeared at their office on the Saturday return date, but that no one was there to receive him. The appellants' attorney insisted upon being re-served with the discovery demand before he would comply with it. The parties were instructed by the court to arrange for a mutually agreeable date upon which the requested documents could be produced for inspection. On that date the appellants' attorney revealed, for the first time, that, with the exception of a document previously turned over, there were no other documents to be produced. The respondents' attorneys subsequently sent numerous letters to the appellants' attorney with respect to the discovery demand, none of which were answered. Nor did the appellants ever seek a protective order (see, CPLR 3103).

Meanwhile, the respondents were able to depose the appellants' accountant, who averred that the requested documents had, in fact, been turned over to one of the appellants. The appellants' attorney was not present at the deposition. Based upon this new information, the respondents served a second notice for discovery and inspection upon the appellants, but again received no response. The appellants' attorney claimed not to have received this second notice, a claim which was disputed by the respondents' attorneys. The respondents ultimately moved to dismiss the complaint on the ground of the appellants' willful failure to engage in discovery (see, CPLR 3126 [3]). The Supreme Court granted that motion, and this appeal ensued.

The court has discretion to dismiss a complaint upon a finding that the plaintiff or an agent of the plaintiff "wilfully fail[ed] to disclose information which the court finds ought to have been disclosed, pursuant to notice duly served" (CPLR 3126). On this record, the court was clearly justified in concluding that the conduct of the appellants and their attorney in repeatedly refusing to turn over documents, which they failed to establish were not in their possession, amounted to "dilatory conduct violative of the [respondents'] discovery rights and appears to have been designed to frustrate and impede, if not in fact to prevent, meaningful disclosure". This is particularly so in light of the fact that the appellants had filed a lis pendens against the real property held by the respondents which is the subject of this proceeding and obtained, ex parte, an extension of that lis pendens approximately two weeks after the order dismissing the complaint was issued (see, Sloben v Stam, 157 AD2d 837 [decided herewith]). Under the circumstances, the sanction of dismissal of the

complaint did not constitute an improvident exercise of discretion *(see, Wolfson v Nassau County Med. Center,* 141 AD2d 815; *Miller v County of Orange,* 120 AD2d 713). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.