■ VOLA NOVELTIES CORPORATION, Appellant, v ROROB REALTY CORPORATION, Respondent.—In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 28, 1988, which denied its motion, *inter alia,* to vacate its default in filing a note of issue.

Ordered that the order is affirmed, without costs or disbursements.

By an order dated February 9, 1987, the parties were directed to appear for examinations before trial on March 12, 1987, and to complete all disclosure by May 29, 1987. In addition, the plaintiff was directed to file a note of issue by that latter date, and both parties were directed to appear in court on October 1, 1987, "ready for trial". However, when the parties appeared before Justice Held on October 1, 1987, and informed him that disclosure had not been completed and that a note of issue had not been filed, he issued a ruling that the complaint should be dismissed. Several months later, the plaintiff moved, *inter alia,* to vacate its default in filing a note of issue, which motion was denied on the basis that the plaintiff had failed to establish a meritorious cause of action.

While we would generally agree with the plaintiff's contention that an affidavit of merit is unnecessary when opposing the imposition of sanctions for failure to comply with a discovery order under CPLR 3126 *(see, Read v Dickson,* 150 AD2d 543, 544; *Wolfson v Nassau County Med. Center,* 141 AD2d 815), a different rule applies where a pleading has been stricken for failing to proceed with discovery. In such an event, a motion to vacate the default will not be granted without a showing of a reasonable excuse and a meritorious claim *(see, Battaglia v Hofmeister,* 100 AD2d 833, 835). There is nothing in the record which would suggest that there is any merit to the plaintiff's cause of action. Accordingly, it was not an improvident exercise of discretion to deny the plaintiff's motion. Sullivan, J. P., and Balletta, J., concur.

Harwood and Miller, JJ., concur in the result, with the following memorandum: Because this case is strikingly similar to *Walk & Smile v 2491 Atl. Ave. Corp.* (150 AD2d 366), we concur on constraint of the majority memorandum in that case.