■ MARTYN TAUB, Respondent, v SAMUEL WULWICK et al., Appellants, et al., Defendant.—In an action to recover a broker's commission, the appeal is from an order of the Supreme Court, Orange County (Patsalos, J.), dated May 4, 1989, which granted the plaintiff's motion to impose sanctions for failure to proceed with pretrial disclosure to the extent of directing counsel for the defendants Wulwick and Kasten to personally pay to the plaintiff's counsel the sum of $1,000 with

leave to the plaintiff to seek more severe sanctions should counsel fail to make the required payment.

Ordered that the order is affirmed, with costs. The appellants' time to comply with the order dated May 4, 1989, is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

Counsel against whom a sanction was imposed proceeds before us on the assumption that the Supreme Court acted pursuant to 22 NYCRR part 130 and that its failures to observe the procedures set forth in that part and to provide for an appropriate payee (see, 22 NYCRR 130-1.1 [d]; 130-1.2, 130-1.3) mandate reversal. However, the plaintiff's motion to impose sanctions was grounded on the refusal of the appellants' counsel to permit depositions to proceed with "local counsel" after having previously advised the court and the other parties, through "local counsel", that "local counsel" would formally be substituted for him. Moreover, the plaintiff referred in his notice of motion to certain provisions of CPLR article 31. The motion could therefore only be construed as one for sanctions pursuant to CPLR 3126, which authorizes the Supreme Court to make such orders "as are just" (see, CPLR 3126; see also, Mrs. London's Bake Shop v City of Saratoga Springs, 144 AD2d 749; Rosner v Blue Channel Corp., 131 AD2d 654). We discern no injustice or improvident exercise of discretion in imposing a monetary sanction on counsel (see, Bermudez v Laminates Unlimited, 134 AD2d 314; Rosner v Blue Channel Corp., supra) and do not regard the amount imposed to be excessive. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.