■ ALEXANDER KAUFMAN, Appellant, v RED GROUND CORP., Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the appeal is from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered July 18, 1989, as granted that branch of the defendant's motion pursuant to CPLR 3126 which was for

the imposition of monetary sanctions upon the plaintiff and his attorneys.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the defendant's motion which was for the imposition of monetary sanctions upon the plaintiff and his attorneys is denied.

It is well established that CPLR 3126 affords a court discretion to impose sanctions upon a party or attorney who has engaged in dilatory conduct and impeded disclosure by wilfully failing to comply with a discovery notice or order (see, Sloben v Stam, 157 AD2d 835; Rosner v Blue Channel Corp., 131 AD2d 654; Mancussi v Middlesex Ins. Co., 102 AD2d 846). Upon our review of the record, however, we find that the court improvidently exercised its discretion in imposing monetary sanctions against the plaintiff and his attorneys on the ground that they had unnecessarily delayed the deposition of non-party witness Robert Baron. In this regard, we note that the original non-party witness subpoena served upon Baron was facially defective because it neither contained nor was accompanied by a notice stating the "circumstances or reasons" (CPLR 3101 [a] [4]) why disclosure was sought (see, Matter of Yost v Douris, 151 AD2d 489; Bigman v Dime Sav. Bank, 138 AD2d 438). Although this defect was subsequently remedied, the delay attributable to the plaintiff's ensuing motion to quash the subpoena, and his motion to reargue the denial of that motion, could not under these circumstances be properly considered a dilatory tactic designed to frustrate disclosure. Sullivan, J. P., Eiber, Balletta and O'Brien, JJ., concur.