■ JAMES MARKARIAN, Individually and as Administrator of the Estate of SONIA MARKARIAN, Deceased, Respondent, v M. L. HUNDERT, Appellant, et al., Defendants.—In an action to recover damages for personal injuries and wrongful death, the defendant M. L. Hundert appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated June 18, 1990, as (1) granted the plaintiff's motion to vacate a written demand to resume prosecution pursuant to CPLR 3216 (b) (3), and (2) denied that branch of his cross motion which was to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A preliminary conference order dated January 8, 1987, provided that all parties to the action were to appear for depositions between April 16, 1987, and May 30, 1987, and that the action would then be certified as ready for trial on or before June 9, 1987. The plaintiff appeared and was deposed on April 23, 1987, but his deposition was not completed on

that day. This deposition was ultimately adjourned until March 2, 1989. There is no evidence that defense counsel objected to this protracted adjournment.

On March 2, 1989, the plaintiff's deposition resumed, but it was again not completed. All parties then agreed to continue the plaintiff's deposition at "a mutually convenient date and time in the near future". Again, there is no evidence that defense counsel objected to this further delay, nor is there any proof to suggest that the failure to conclude the plaintiff's deposition in a more timely fashion was due to the plaintiff's own behavior.

On May 8, 1990, after several unsuccessful attempts to schedule the third session of the plaintiff's deposition, the defendant Hundert served a written demand pursuant to CPLR 3216 (b) (3) to resume prosecution of the action within 90 days (see, CPLR 3216 [b] [3]). On May 15, 1990, the plaintiff moved to vacate the 90-day demand and to schedule a second preliminary conference. The defendant Hundert then made a cross motion to dismiss the complaint. Thereafter, the codefendants Margulies and North Shore University Hospital cross-moved for the same relief.

By order dated June 18, 1990, the Supreme Court granted the plaintiff's motion and denied so much of the defendants' cross motions as sought dismissal of the complaint. Those cross motions were granted to the limited extent that the plaintiff's complaint would be dismissed unless the plaintiff were to appear for a deposition either on June 25 or on July 23, 1990. The defendant Hundert now appeals from so much of the order as denied his cross motion to dismiss the complaint and granted the plaintiff's motion to vacate his 90-day demand. We affirm.

The plaintiff made his motion shortly after the filing of the 90-day demand and thus had no obligation to submit an affidavit of merit in order to defeat the appellant's cross motion to dismiss, whether the cross motion be regarded as one to dismiss for lack of prosecution (CPLR 3216; see, Carte v Segall, 134 AD2d 397) or to strike the plaintiff's complaint for refusal to make disclosure (CPLR 3126; see, Vola Novelties Corp. v Rorob Realty Corp., 160 AD2d 794; Read v Dickson, 150 AD2d 543; Wolfson v Nassau County Med. Center, 141 AD2d 815). Even assuming that it was the plaintiff or his attorneys who initially requested the numerous adjournments of the plaintiff's deposition, there is no proof to contradict the inference that the appellant, or his attorneys, willingly acceded to such requests and that the appellant, or his attor-

neys, freely consented to such adjournments. We therefore find that the plaintiff demonstrated a " 'good excuse for past delay' " *(Carte v Segall,* 134 AD2d 397, 398, *supra,* quoting 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2004.03), as well as the need for further discovery, which is sufficient to warrant denial of the appellant's cross-motion to the extent it was premised on CPLR 3216.

Furthermore, we note that although the pre-calendar order required the filing of a certificate of readiness on or before June 9, 1987, this directive was expressly made subject to the "completion of discovery". Since discovery was not complete as of June 9, 1987, for reasons which cannot be attributed entirely to the plaintiff, it is clear that the plaintiff had no obligation to file a certificate of readiness. Under these and all of the other circumstances of this case, we find that the appellant failed to prove that the plaintiff willfully refused to comply with discovery orders or notices, and we therefore conclude that the extreme sanction of dismissal is not warranted pursuant to CPLR 3126 *(see, Read v Dickson, supra).*

The case of *Walk & Smile v 2491 Atl. Ave. Corp.* (150 AD2d 366) is distinguishable because in that case the plaintiff completely failed to appear for a deposition on the date set forth in the pre-calendar order. In the present case, the plaintiff's deposition was begun but not completed. The *Walk & Smile* case is also distinguishable because in that case the pre-calendar order expressly prohibited adjournments of the plaintiff's deposition. While we do not condone the practice of repeatedly adjourning court-ordered depositions, we do not believe that the plaintiff should suffer the extreme sanction of dismissal where it appears that the appellant never expressly objected to the practice and thus cannot, in fairness, be heard to complain *(cf., Walk & Smile v 2491 Atl. Ave. Corp., supra).* Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.