■ RENE HERRERA, Appellant, v CITY OF NEW YORK, Respondent. [656 NYS2d 647] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Price, J.), dated May 18, 1995, as, in effect, denied his motion to strike the defendant's answer for failing to comply with discovery, (2) so much of an order of the same court, dated August 29, 1995, as denied the same relief, and (3) so much of an order of the same court, dated February 21, 1996, as denied the same relief.

Ordered that the order dated February 21, 1996, is reversed insofar as appealed from, on the law, and the facts, and as a matter of discretion, the plaintiff's motion is granted, the defendant's answer is stricken, and the matter is remitted to Supreme Court for an inquest; and it is further,

Ordered that the appeals from the orders dated May 18, 1995, and August 29, 1995, are dismissed as academic, in light of the determination of the appeal from the order dated February 21, 1996.

Although actions should be resolved on the merits wherever

possible *(Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580), a court may, *inter alia,* strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court *(Soto v City of Long Beach,* 197 AD2d 615, 616; *Spira v Antoine,* 191 AD2d 219), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" *(Harris v City of New York,* 211 AD2d 663, 664; *see, Lestingi v City of New York,* 209 AD2d 384).

In the instant case, we conclude that the Supreme Court improvidently exercised its discretion in denying the plaintiff's third motion, *inter alia,* to strike the defendant's answer. The defendant's willful and contumacious conduct can be inferred from its repeated failure to comply with court orders directing disclosure, including an order of this Court *(see, Herrera v City of New York,* 211 AD2d 759), and the inadequate excuses offered to excuse the defaults *(see, Porreco v Selway,* 225 AD2d 752; *DeGennaro v Robinson Textiles,* 224 AD2d 574). Thus, the plaintiff satisfied his initial burden of proving willfulness, shifting the burden to the defendant to offer a reasonable excuse for its default *(see, Furniture Fantasy v Cerrone,* 154 AD2d 506, 507; *Read v Dickson,* 150 AD2d 543, 544). At no time did the defendant offer a reasonable excuse for its repeated failures to comply with the plaintiff's outstanding discovery demands and court orders directing disclosure. Accordingly, the plaintiff's motion to strike the defendant's answer is granted and the matter is remitted to Supreme Court, Queens County, for an inquest of damages. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.