■ Rosemary Pimental et al., Appellants, v City of New York, Respondent. [668 NYS2d 187] —Order, Supreme Court, New York County (Norman Ryp, J.), entered March 27, 1997, which denied plaintiff Rosemary Pimental's motion to strike defendant's answer and ordered defendant to produce a knowledgeable witness for deposition, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion granted, the answer stricken, and the matter remanded to Supreme Court for a hearing on the issue of damages.

While skating around a circular pathway in J. Hood Bright Park, plaintiff sustained a fracture of her right ankle when her roller blade became lodged in a sewer grating, causing her to fall. The complaint alleges that the grate was improperly designed and installed.

The preliminary conference order directed defendant to pro-

duce an employee with knowledge of the condition of the sewer grating for deposition on January 11, 1996. The day before the deposition was to be conducted, defendant informed plaintiffs that it had no attorney or witness available.

Plaintiff thereupon moved to strike defendant's answer. Prior to the return date, the parties agreed that plaintiff's motion would be adjourned until March 12, 1996 on condition that defendant produce a witness on that date. The witness produced by defendant at that time also had no knowledge concerning the condition of the sewer grate. An adjournment to April 5, 1996 produced a similar result. Shortly thereafter, plaintiff's motion to produce a witness was denied as moot.

In August, plaintiff obtained an order, *inter alia*, compelling defendant to produce a witness from the Department of Parks with knowledge of the facts and a witness from the Department of Environmental Protection with knowledge of the design and installation of the subject grate. In November, plaintiff again moved to strike the answer, alleging that defendant had ignored the court order. In December, while the motion was pending, plaintiff deposed a witness from the Parks Department, but the City failed to produce a witness from the Department of Environmental Protection, as directed. Plaintiff subsequently obtained a second conditional order striking the answer unless the required witness was produced. On the appointed day, March 5, 1997, plaintiff filed a certificate of non-compliance and a proposed order striking the answer. Defendant alleged that it had requested a two-day adjournment and submitted a proposed counterorder. Ultimately, the court fashioned its own order from which plaintiff appeals.

Unconditionally striking a pleading pursuant to CPLR 3126 is appropriate where the resisting party's default is deliberate and contumacious (*see, Furniture Fantasy v Cerrone*, 154 AD2d 506). Disobedience of a court order and frustration of the disclosure scheme provided by the CPLR warrant imposition of the sanction (CPLR 3126; *see, Zletz v Wetanson*, 67 NY2d 711, and cases cited therein). Plaintiff, as the moving party, must establish that defendant willfully failed to comply with discovery demands (*Herrera v City of New York*, 238 AD2d 475). Plaintiff has satisfied her burden by demonstrating defendant's repeated failure to comply with outstanding discovery demands and court orders directing the production of witnesses for deposition. Thus, the burden shifts to defendant to establish a reasonable excuse for its numerous defaults (*supra*). Defendant's vague excuse of a "scheduling error" for failing to produce a witness from the Department of Environ-

mental Protection is not sufficient to meet this burden (*see, Periphery Loungewear v Kantron Roofing Corp.*, 214 AD2d 438; *Furniture Fantasy v Cerrone*, 154 AD2d 506, *supra* [conclusory assertions and vague descriptions insufficient to excuse failure to produce witness]). Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Tom, JJ.