■ CARLO OLIVERI, Appellant, v JAMES W. CARTER, Respondent, et al., Defendant. [681 NYS2d 558] —In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated October 16, 1997, as, in effect, denied his motion for judgment on his third cause of action asserted against the defendant James W. Carter, and to dismiss the defendant James W. Carter's second counterclaim, and granted the defendant James W. Carter's cross motion to dismiss the complaint insofar as asserted against him upon his deposit with the County Treasurer of $5,000 he was holding in escrow, on the condition that he withdraw his second counterclaim.

Ordered that the order is reversed insofar as appealed from,

on the law and as an exercise of discretion, with costs, the plaintiff's motion for judgment on his third cause of action and to dismiss the second counterclaim is granted, the cross motion is denied, and the remaining causes of action are reinstated.

At the core of this action is a 1983 dispute over the release of escrow funds held by the defendant James W. Carter. Because none of the defendants currently dispute the plaintiff's claim to $4,795 of the escrow funds, the plaintiff is entitled to judgment on his third cause of action in that principal amount. Carter is not liable for prejudgment interest on the funds (*see, Takayama v Schaefer*, 240 AD2d 21). In addition, because the plaintiff's other four causes of action seek damages in excess of the amount of funds held in escrow, the Supreme Court erred in dismissing those causes of action merely because Carter surrendered the escrow funds to the County Treasurer.

The record indicates that Carter has consistently failed to respond adequately to the plaintiff's discovery demands, resulting in numerous motions and two appeals. In light of this history, and because Carter did not offer an explanation for his failure to provide the information currently at issue, which related to Carter's second counterclaim for defamation, dismissal of the second counterclaim is warranted (*see,* CPLR 3126; *Herrera v City of New York*, 238 AD2d 475). Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.