■ ANDREW BROWN, Appellant, v CITY OF NEW YORK et al., Respondents. [706 NYS2d 445] —In an action, *inter alia,* to recover damages for personal injuries and for violation of 42 USC § 1983, the plaintiff appeals (1) from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 16, 1998, as granted, in part, the defendants' motion for a protective order, (2), as limited by his brief, from so much of an order of the same court (Bruno, J.), dated September 22, 1999, as, after an in camera review pursuant to the order dated December 16, 1998, denied the disclosure of certain items, and (3), as limited by his brief, from so much of an order of the same court, dated October 22, 1999, as denied those branches of his motion which were for an award of an attorney's fee and for the immediate disclosure of certain items.

Ordered that the orders dated December 16, 1998, and September 22, 1999, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 22, 1999, is modified by deleting the provision thereof denying that branch of the motion which was for an award of an attorney's fee and substituting therefor a provision granting that branch of the

motion to the extent of awarding the plaintiff $500 as an attorney's fee; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that within 60 days of service upon it of a copy of this decision and order with notice of entry, the defendant City of New York shall pay the plaintiff's attorney $500 as an attorney's fee; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant City of New York failed to timely move for a protective order under CPLR 3103 and made no attempt to resolve its discovery differences with the plaintiff prior to making its late motion. It also failed to comply with the order dated December 16, 1998, order until the plaintiff moved, *inter alia*, for an award of an attorney's fee. We conclude that the award of an attorney's fee is warranted and the order dated October 22, 1999, is modified accordingly (*see,* CPLR 3126; *O'Brien v Occidental Chem. Corp.,* 266 AD2d 915; *Rosner v Blue Channel Corp.,* 131 AD2d 654).

The parties' remaining contentions are without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.