■ MANON BIBEAU, Appellant, v CANTIAGUE FIGURE SKATING CLUB, INC., Respondent, et al., Defendant. [742 NYS2d 864] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered July 31, 2001, as granted the motion of the defendant Cantiague Figure Skating Club, Inc., to strike the complaint to the extent of directing her to provide unredacted copies of her income tax returns for 1999 and 2000 containing her Social Security number, (2), as limited by her brief, from so much of an order of the same court, entered October 12, 2001, as granted the motion of the defendant Cantiague Figure Skating Club, Inc., to compel further discovery to the extent of directing her to furnish her Social Security number and requiring her to submit an affidavit of merit, and (3) from an order of the same court, dated November 28, 2001, which dismissed the complaint based upon her failure to disclose her Social Security number and submit an affidavit of merit.

Ordered that the orders entered July 31, 2001, and October 12, 2001, are reversed insofar as appealed from and the motions are denied; and it is further,

Ordered that the order dated November 28, 2001, is reversed, and the complaint is reinstated, and it is further,

Ordered that one bill of costs is awarded to the appellant.

Under the circumstances of this case, the Supreme Court erred in compelling the plaintiff to furnish unredacted copies of income tax returns containing her Social Security number (*see Saratoga Harness Racing v Roemer,* 274 AD2d 887, 889; *Dore v Allstate Indem. Co.,* 264 AD2d 804; *Otto v Triangle Aviation Serv.,* 258 AD2d 448; *Cottrell v Spina,* 214 AD2d 946; *Titleserv Inc. v Zenobio,* 210 AD2d 314; *Zimmer v Cathedral School of St. Mary & St. Paul,* 204 AD2d 538; *Kupferberg v State of New York,* 97 Misc 2d 519, 522). The Supreme Court also erred in requiring the plaintiff to submit an affidavit of merit (*see Markarian v Hundert,* 180 AD2d 780, 781; *Vola Novelties Corp. v Rorob Realty Corp.,* 160 AD2d 794; *Read v Dickson,* 150 AD2d 543).

Accordingly, the Supreme Court improvidently exercised its

discretion in dismissing the complaint based upon the plaintiff's failure to disclose her Social Security number and submit an affidavit of merit (*see* CPLR 3126; *Kihl v Pfeffer,* 94 NY2d 118). Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.