PATRICIA GARAN, Appellant, v DON & WALT SUTTON BUILDERS, INC., et al., Respondents. [813 NYS2d 123]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, (1) from so much of a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered March 3, 2005, as, upon an order of the same court dated January 4, 2005, granting the motion of the

defendant Don & Walt Sutton Builders, Inc., pursuant to CPLR 3126 to impose a sanction upon the plaintiff for failing to comply with disclosure, dismissed the complaint, and (2) from so much of an order of the same court entered April 26, 2005, as denied those branches of her motion which were, in effect, to vacate the judgment, and upon such vacatur, for leave to amend the complaint to add a cause of action pursuant to Debtor and Creditor Law § 276.

Ordered that the judgment entered March 3, 2005 is reversed insofar as appealed from, on the law, without costs or disbursements, the motion of the defendant Don & Walt Sutton Builders, Inc., pursuant to CPLR 3126 to impose a sanction upon the plaintiff for failing to comply with disclosure is denied, the order dated January 4, 2005 is modified accordingly, and the complaint is reinstated as against that defendant on condition that the plaintiff's former attorney, Rudolph Russo, personally pays the sum of $1,500 to the defendant Don & Walt Sutton Builders, Inc., within 30 days after service upon him of a copy of this decision and order; in the event the plaintiff's former attorney fails or refuses to pay, the appellant may personally pay the sum of $1,500 to the defendant Don & Walt Sutton Builders, Inc., within 60 days after service upon her of a copy of this decision and order; in the event the condition is not complied with, then the judgment is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the appeal from the order entered April 26, 2005 is dismissed as academic, without costs or disbursements.

The plaintiff entered into a contract with the defendant Don & Walt Sutton Builders, Inc. (hereinafter Sutton Builders), for the construction of a single-family home. She commenced this action in November 2001, inter alia, to recover damages for breach of contract and negligence. In October 2004 Sutton Builders moved pursuant to CPLR 3126 to impose a sanction upon the plaintiff for failing to comply with disclosure. The Supreme Court granted the motion and dismissed the complaint. Thereafter, the plaintiff, represented by a new attorney, moved, in effect, to vacate the judgment, and upon such vacatur, for leave to amend her complaint to add a cause of action pursuant to Debtor and Creditor Law § 276. In support of her motion, the plaintiff asserted that her former attorney, Rudolph Russo, provided her with a copy of the discovery demands when they were originally received in 2002, and told her that "it was not necessary that [she] provide him with copies of documents responsive to the demands, but that [she] should assemble them and he would let [her] know when to provide him with copies."

However, Russo did not keep her abreast of the various court conferences or inform her that a motion to impose a sanction had been made. Further, the plaintiff asserted, despite being in the late stages of a difficult pregnancy, she was notified of and attended settlement negotiations on July 9, 2004. However, although the negotiations ended without success, she was not told that "it was now time to produce the information/documents responsive to the outstanding discovery demands." Indeed, the plaintiff asserted, she first became aware of the gravity of the situation when Russo sent her a copy of the judgment dismissing the action and advised her that she needed "to make the instant motion and blame the failure to timely produce on [her] pregnancy." The plaintiff thereafter retained a new attorney who, by letter dated January 27, 2005, delivered to the defendants, inter alia, various responses to the disclosure demands.

The plaintiff also submitted an affirmation from her former attorney, Rudolph Russo. Russo stated that "the failure to timely provide the discovery items . . . was an inadvertent and excusable oversight on the part of [himself] and the plaintiff." Russo averred that he had believed, in good faith, that this action could be settled. He claimed that after a court conference he "became aware that the Plaintiff was in the late stages of a very difficult pregnancy and, rightly or wrongly, [he] was not inclined to immediately burden her with the task of gathering the [discovery responses]." Russo stated that both he and the plaintiff, "solely because of inadvertence and other justifiable distraction, neglected to follow-up with each other on a timely basis." By order dated April 25, 2005 the Supreme Court, in effect, denied those branches of the plaintiff's motion which were, in effect, to vacate the judgment and upon such vacatur, for leave to amend her complaint.

The record does not support a finding that the plaintiff's failure to comply with disclosure was willful or contumacious. Thus, the Supreme Court improvidently exercised its discretion in imposing the drastic remedy of dismissing the complaint based on such failure (*see* CPLR 3126; *Kuzmin v Visiting Nurse Serv. of N.Y.*, 22 AD3d 643 [2005]; *Sowerby v Camarda*, 20 AD3d 411 [2005]). However, because the defendant Sutton Builders endured delays and was forced to seek judicial intervention to secure disclosure to which it was entitled, the imposition of a monetary sanction in the sum of $1,500 is appropriate (*see Smith v New York Tel. Co.*, 235 AD2d 529 [1997]). Further, because the record supports a finding that the delays and failure to disclose are most appropriately attributable to the

plaintiff's former attorney, Rudolph Russo must pay this sum to Sutton Builders (*see Isakbayeva v Thompson*, 6 AD3d 497 [2004]; *Oliveri v Carter*, 194 AD2d 525 [1993]; *Taub v Wulwick*, 168 AD2d 492 [1990]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.