*364 Order, Supreme Court, Bronx County (Allison Y. Tuitt, J.), entered January 14, 2008, which, in an action for personal injuries sustained in an automobile accident allegedly caused by a defective tire manufactured and distributed by defendants, granted defendants’ motion to modify a “protective order of confidentiality” so as to comport with the directives of this Court on a prior appeal (33 AD3d 24 [2006], Iv denied 7 NY3d 718 [2006], rearg denied 8 NY3d 956 [2007]), unanimously affirmed, without costs. Order, same court and Justice, entered January 10, 2008, which denied plaintiffs’ motion to strike defendants’ answer, unanimously affirmed, without costs.
Plaintiffs contend that defendants’ answer should be stricken because, consistent with defendants’ previous, repeated and willful failures to comply with their disclosure obligations^ defendants’ motion to modify the protective order of confidentiality reviewed by this Court on the prior appeal amounted to a willful disregard of this Court’s prior order directing defendants to produce requested documents forthwith and of the parties’ subsequent stipulation in which defendants agreed to produce all documents required by this Court’s prior order by February 28, 2007. Plaintiffs appear not to appreciate that our prior order recognized the need for a confidentiality agreement in this case, specified nine categories of documents that were not subject to confidentiality treatment, and directed certain modifications be made to the then existing confidentiality agreement (id. at 36-37); in short, that the confidentiality order, as originally drafted by defendants and “adopted wholesale” by the motion court, was too “draconian” in that it “permitted [defendants] to unilaterally designate any document it chose as confidential,” and should be modified as indicated. (Id.) Thus, plaintiffs’ claim that defendants engaged in bad faith by seeking to again impose a confidentiality order after this Court had vacated the prior confidentiality order misconstrues our prior order. We did not vacate the original confidentiality order in its entirety, and it was not our intent, in directing defendants to produce certain documents “forthwith” (id. at 34), that defendants produce such documents without any confidentiality protections in place.
Nor can defendants be found to have wilfully disregarded the stipulation that required them to produce documents by Febru *365 ary 28, 2007, where there is no evidence that defendants have willfully failed to produce documents that this Court’s prior order required them to produce (see Pimental v City of New York, 246 AD2d 467, 468 [1998]). We reject plaintiffs’ attempt on appeal to infer such willfulness by pointing to the huge discrepancy between the number of pages of documents that defendants had estimated they might have to produce to comply with this Court’s prior order, offered in support of defendants’ motion to reargue the prior order, and the number of pages they actually produced pursuant to the stipulation. First, the deadline in the stipulation for producing documents in compliance with this Court’s prior order had not yet expired when plaintiffs made their motion to strike, and thus the motion was premature. While plaintiffs may have anticipated that defendants were not going to fully comply with the stipulation, it is speculative to argue, as plaintiffs do, that defendants’ motion to modify the confidentiality order was a bad faith attempt to delay production of documents. What plaintiffs should have done was wait for the deadline to expire and then move to compel disclosure if they had reason to believe that identifiable documents were being withheld. Second, there is no evidence of any failure to produce identified documents required under this Court’s prior order.
We also reject plaintiffs’ claim that the modified confidentiality order is contrary to this Court’s prior order because defendants are still permitted to designate any document they choose as confidential. The modified order, in compliance with the prior order, does not allow defendants to designate as confidential any document in any of the nine nonconfidential categories specified in the prior order. The initial designation of other documents as confidential neither deprives plaintiffs of nor delays their access to any documents, since even though initially designated by defendants as confidential, the documents must be produced for plaintiffs’ immediate use. If plaintiffs disagree with any of defendants’ designations, they are free, under the order, to challenge defendants’ designations and obtain a ruling from the court. Confidentiality orders with similar designation and challenge procedures have been routinely approved and enforced (see e.g. Matter of World Trade Ctr. Bombing Litig., 298 AD2d 72, 76-77 [2002]).
We have considered plaintiffs’ other arguments and find them unavailing. Concur—Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.