## Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli L

2025 NY Slip Op 30364(U)

January 28, 2025

Supreme Court, New York County

Docket Number: Index No. 652711/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**      PART      **14**

*Justice*

-----------------------------------------------------------------------------X

PATTERSON BELKNAP WEBB & TYLER LLP,

         Plaintiff,

         - v -

MARCUS & CINELLI LLP, DAVID P. MARCUS, BRIAN L. CINELLI, JOHN DOES

         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652711/2022 |
| MOTION DATE | 01/27/2025 |
| MOTION SEQ. NO. | 016 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 016) 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 337, 338, 339, 340, 341, 351, 352, 353, 354

were read on this motion to/for          STRIKE PLEADINGS          .

Plaintiff's motion to strike the answer of defendant Marcus & Cinelli, LLP and David P. Marcus (collectively, the "Marcus Defendants") is granted.

**Background**

Plaintiff obtained a judgment in 2013 against non-party Barbara Stewart for over $2 million arising out of past legal services and served her with a restraining notice in 2013. That restraining notice prohibited her from selling or transferring any property until the judgment was satisfied. The Marcus Defendants helped Ms. Stewart sell a diamond ring and distribute the proceeds, despite the fact that she - and they - purportedly knew about the restraining notice. Plaintiff has not received any payments and the judgment now exceeds $3 million (as interest has accrued).

**652711/2022 PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**      **Page 1 of 7**
**Motion No. 016**

1 of 7

Plaintiff insists that it seeks to strike the Marcus Defendants' answer because they have failed to produce relevant documents despite a Court order directing them to do so issued over a year ago. It points out that the Marcus Defendants have only turned over three emails between Marcus and Sotheby's about the ring sale and emphasizes that the Marcus Defendants' answer alleges that Ms. Stewart instructed them to sell the ring as well as distribute the proceeds.

Plaintiff contends that it has actual knowledge of additional correspondence between Sotheby's and the Marcus Defendants because Sotheby's produced 223 pages of this correspondence in connection with a separate litigation and that the Marcus Defendants simply re-produced this Sotheby's production from that other case, but not from their own files. It contends that this shows that the Marcus Defendants have not endeavored to locate relevant documents in response to plaintiff's discovery demands. Plaintiff also insists it knows of other emails not produced by the Marcus Defendants because plaintiff itself sent an email to defendant Marcus in 2014 that included a copy of the relevant restraining order. It observes that this email was not produced in discovery and demonstrates that the Marcus Defendants have failed to perform a diligent search. Plaintiff observes that it cannot encapsulate the full extent of the Marcus Defendants' failure to do an exhaustive search but that these examples raise serious concerns about their conduct. It stresses that although the Marcus Defendants purported to produce over 70,000 pages of discovery, they were consolidated into 15 pdf files which violates the CPLR provision (CPLR 3122[c]) requiring that documents be produced as they are kept or to organize them to correspond to a request. Plaintiff claims this "consolidation" did neither.

Plaintiff also complains that the Marcus Defendants are improperly withholding documents under an attorney-client privilege that should not exist given the fact that these communications were made in furtherance of a wrongful act—the selling of the ring while Ms.

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 2 of 7**
**Motion No.  016**

[* 2]

2 of 7

Stewart was in post-judgment discovery with plaintiff and subject to the restraining notice. Plaintiff points out that the Ms. Stewart retained the Marcus Defendants (according to the retainer agreement) to provide protection against plaintiff with respect to the creditor action.

In opposition, the Marcus Defendants contend that they have completed multiple searches and provided over 70,000 pages of responsive documents. They contend they utilized relevant search terms, such as "ring" and "diamond" and that they have turned over all responsive documents or designated certain documents as subject to a privilege. The Marcus Defendants emphasize that they have turned over a privilege log.

The Marcus Defendants also complain about plaintiff's purported deficient document production and demand the Court compel plaintiff to comply with discovery orders. They claim that communications about the sale of the diamond ring and the use of the proceeds involved legal strategies to counter creditor actions and so they are privileged.

In reply, plaintiff emphasizes that the Marcus Defendants did not offer an excuse for failing to produce categories of documents that they were ordered to turn over more than a year ago. Plaintiff points out that they did not explain or discuss their efforts to comply with the Court's order. It argues that documents about the ring sale are not subject to attorney-client privilege as they were in furtherance of a wrongful act. Plaintiff also points out that much of the 70,000 pages produced by the Marcus Defendants include irrelevant documents and duplicates; plaintiff contends that a single thousand-page range of documents appears twice in the production.

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 3 of 7**
**Motion No.  016**

3 of 7

[* 3]

**Discussion**

"Unconditionally striking a pleading pursuant to CPLR 3126 is appropriate where the resisting party's default is deliberate and contumacious. Disobedience of a court order and frustration of the disclosure scheme provided by the CPLR warrant imposition of the sanction. Plaintiff, as the moving party, must establish that defendant willfully failed to comply with discovery demands. Plaintiff has satisfied her burden by demonstrating defendant's repeated failure to comply with outstanding discovery demands and court orders directing the production of witnesses for deposition. Thus, the burden shifts to defendant to establish a reasonable excuse for its numerous defaults" (*Pimental v City of New York*, 246 AD2d 467, 468, 668 NYS2d 187 [1st Dept 1998]).

This Court issued a decision on January 10, 2024 in connection with a prior discovery dispute that concluded, in part, that plaintiff's "requests for documents about the sale of the ring and the disposition of the sale proceeds are clearly relevant" (NYSCEF Doc. No. 270 at 3). The Court directed the Marcus Defendants to "search their records and produce relevant non-privileged documents. If they believe that certain relevant documents are subject to a privilege, then they should create a privilege log" (*id*. at 4). The Marcus Defendants were required to respond by February 15, 2024 and the parties later extended the deadline to March 2024.

In support of its motion, plaintiff argued that the Marcus Defendants must necessarily possess more than the three emails they produced relating to the sale of the ring. Plaintiff points out that it only received three emails, for a total of 10 pages from the Marcus Defendants about the ring sale. It explains that Marcus Defendants re-produced 223 pages of their communications with Sotheby's that Sotheby's had produced in a separate case but did not produce these records from their own files. Plaintiff says that the Marcus Defendants should have at least 213 (of the

**652711/2022 PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL** **Page 4 of 7**
**Motion No. 016**

4 of 7

[* 4]

223) pages in their files. And plaintiff specifically observed that it sent Mr. Marcus an email about a restraining notice (NYSCEF Doc. No. 310) that the Marcus Defendants did not produce on their own. This raises a significant concern to this Court that the Marcus Defendants are either withholding other relevant documents or did not come close to satisfying the Court's order to search their records.

It is often difficult for one party to show that an opposing party is withholding documents in connection with discovery demands. The requesting party is typically unaware of the scope of the opposing party's records. The instant action involves the somewhat rare situation in which plaintiff can meet, as discussed above, its prima facie burden to show that there exists a substantial number of emails that the Marcus Defendants failed to produce.

As noted above in *Pimental*, once plaintiff met its initial burden to highlight these unproduced communications, the burden shifted to the Marcus Defendants to offer a reasonable excuse. Tellingly, the Marcus Defendants' opposition is wholly and entirely silent about these two specific examples. They did not directly address why they failed to produce the Sotheby's communications from their own records or why they did not produce the 2014 email from plaintiff concerning the restraining notice on Ms. Stewart. This lack of opposition leaves the Court to infer that the Marcus Defendants failed to comply with this Court's order and so the Court must strike their answer.

Put another way, the Marcus Defendants left this Court to speculate as to the reasons why they did not produce the relevant documents cited by Plaintiff. Unfortunately, that is not this Court's role—this Court can only reach a conclusion based on the papers submitted on this record. The closest that the Marcus Defendants get to this issue is when they offer a vague assertion that "Defendants' communications regarding the sale of the diamond ring and the use of

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 5 of 7**
**Motion No.  016**

5 of 7

[* 5]

proceeds directly involve legal strategies to address creditor actions, falling squarely within attorney-client privilege" (NYSCEF Doc. No. 340, ¶ 13). This sentence is most notable for what it does not say and for the questions it raises.

The Marcus Defendants did not specifically assert that their communications with Sotheby's were ever located in their files during their search for relevant documents. And so this Court has no idea whether these clearly relevant documents were lost, destroyed, willfully withheld or something else entirely. The Marcus Defendants also did not explain the missing email from plaintiff to Mr. Marcus, which is obviously relevant and not subject to any privilege. Leaving these inquiries unanswered does not evince a meaningful effort to comply with this Court's order.

**Summary**

This Court recognizes that striking a pleading is a drastic remedy that should only be utilized in rare situations. The Court finds that such an outcome is warranted here. The heart of this case surrounds the sale of the diamond ring and the Marcus Defendants have apparently produced only three emails from their records about this issue. When plaintiff offered concrete examples of documents that should have been produced, but were not, the Marcus Defendants did not directly address this issue in opposition. Rather, the Marcus Defendants offered a generalized claim that they produced 70,000 pages of documents and then shifted to complaining about plaintiff's deficient discovery production even though the Marcus Defendants did not cross-move for such relief. In fact, the Marcus Defendants demand that "The Court should deny plaintiff's request for a protective order" and that "Plaintiff's request [sic] Protective Order lacks

652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 6 of 7
Motion No.  016

6 of 7

merit and should be sanctionable based upon the totality of these facts" (NYSCEF Doc. No. 340 at 3) despite the fact that plaintiff seemingly did not move for a protective order.

In this Court's view, it has little choice, on this record, but to strike the Marcus Defendants' answer. The Marcus Defendants have had ample opportunity (more than a year) to turn over relevant documents and they failed to offer a reasonable excuse for not turning over relevant documents that should clearly be in their possession. However, the Marcus Defendants may make a motion to vacate this Court's order provided that they produce the entirety of their relevant documents, from their files, by February 21, 2025; the production must be in accordance with CPLR 3122(c). Of course, any motion (and reply) will have to address any deficiencies or gaps in the production and the motion to vacate must be made within thirty days of the production or deemed waived.

Accordingly, it is hereby

ORDERED that plaintiff's motion to strike is granted and the answer of defendants Marcus and Cinelli LLP and David P. Marcus is stricken and an inquest shall be held at time of trial or, if the matter is resolved with the remaining defendant prior to trial, then plaintiff shall file a note of issue for an inquest.

See NYSCEF Doc. No. 350 concerning the next conference.

| 1/28/2025 | | | |
|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652711/2022 PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL** **Page 7 of 7**
**Motion No. 016**

7 of 7